## Commonwealth v. Simkins

196

.Thur W. Young, District Attorney, for Commonwealth.

Daniel Glassmire, Jr., for defendant.

FINK, P.J., August 5, 1980—Defendant, Ivan Simkins, has been charged with a violation of two subsections of a section of the Pennsylvania Uniform Firearms Act, viz., 18 Pa.C.S.A. §6111(a) and (b). The pertinent part of the charge as set forth in the criminal information reads as follows: "Ivan Simkins did knowingly and intentionally sell and deliver to one Scott Fisher of R.D. 1, Ulysses, Pa., a .38 caliber American Bulldog Revolver Serial No. 9332 without first obtaining a proper application from the purchase[r] thereof." Defendant filed a petition for writ of habeas corpus on the sole basis that the charge as set forth above against defendant does not constitute a crime. Defendant argues that because there is no specific mandate for criminal prosecution in the section itself that it was not intended by the legislature to set forth a criminal act but merely to proscribe improper conduct.

Defendant first refers to other sections of the Uniform Firearms Act from which it is clearly indicated that criminal offenses were intended, for instance, section 6117—"Altering or obliterating marks of identification," wherein it is specified,

"Offense defined. . . ." Counsel for defense points out section 6106—"Firearms not to be carried without a license," where again, there is reference to "Offense defined. . . ." Section 6113, "Licensing of dealers," is another example from which one can clearly conclude that the legislature intended to set forth certain conduct which is a criminal offense when in subsection (a) it is stated, ". . . for breach of any of which the license shall be forfeited and the licensee *subject to punishment as provided in this subchapter. . . .*" (Emphasis supplied.)

Counsel for defense appropriately points out that other sections of the Uniform Firearms Act do not refer to a violation of a particular section as an offense nor do they call for punishment for violation thereof, such as the section with which we are here concerned, viz., section 6111. It is argued that these sections are merely regulatory and are not intended as setting forth criminal acts, such as section 6105, section 6107, section 6108, and section 6110, inter alia.

Thus, defendant argues that if a person commits an act or series of acts which are violative of the above sections, he cannot be properly charged with a crime but that these sections are merely regulatory and may serve as a basis for a standard of conduct in civil litigation. Defendant further argues that an additional reason for the regulatory sections as opposed to penal sections of the Uniform Firearms Act would be the integration of section 6103 which says that any person who commits a crime of violence "when armed with a firearm contrary to the provisions of this subchapter" may be punished as provided by this subchapter. In other words, it is suggested that the mere regulatory sections may also serve as a standard to determine whether or not there is a violation of section 6103.

This argument, however, falls far short of logic when applied to the instant case because section 6103 only applies to persons who attempt or commit a crime of violence when armed with a firearm contrary to the provisions of this subchapter. It is obvious that a seller would not be the one armed with, the firearm, the possession of which was gained contrary to the provisions of this subchapter, but only the purchaser.

Defendant next argues that the gradation section, viz., section 6119, either cannot possibly refer to the other sections of the Uniform Firearms Act or it is a nullity because it uses the word "section" in lieu of subchapter. The section reads as follows: "An offense *of this section* constitutes a misdemeanor of the first degree." (Emphasis supplied.) We agree that the legislators responsible for this magnificent collection of verbiage, referred to as the Uniform Firearms Act, used the words "section" and "subchapter" interchangeably and improperly; however, if the shortcomings of the legislators were not often overlooked in interpreting their product, there would be more confusion than there already is in the statutory body of law. It is clear that the legislators intended to use the word "subchapter" in lieu of "section" in section 6119.

Lastly, we observe that the issue, although not directly raised, has been resolved by at least a lower court in the case of Com. v. Schaffer, 72 D. & C. 2d 772 (1975), when a criminal indictment was upheld under section 6111(b).

This court fully understands the argument of defendant and, further, we do have some concern about the determination of the issue before this court adverse to defendant. We do agree that the legislature could certainly have more clearly

spelled out the sections that were intended to be criminal in nature as opposed to merely regulatory. We fail to find an appellate court case which sustains a criminal conviction under section 6111, but until a pronouncement is made by our higher courts, we feel bound by the determination of our lower courts and, further, this court also feels bound by the "logic" approach. Thus the following

### ORDER

And now, August 5, 1980, it is hereby ordered that the writ of habeas corpus be quashed.